# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED CV 11-01848 MMM (OPx) | Date | January 11, 2012 |

| | |
|---|---|
| Title | *Cahill  v. CSK Auto, Inc., et al.* |

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   Order to Show Cause Why Action Should Not Be Remanded to State Court for Lack of Subject Matter Jurisdiction

    On September 14, 2011, Sonia Cahill sued CSK Auto, Inc. ("CSK"), O'Reilly Automotive Stores, Inc. ("O'Reilly"), and Does 1-5 in Riverside Superior Court.  Cahill is a resident of California.[1]   Defendant CSK asserts that it is an Arizona corporation with its principal place of business in Arizona.[2]   Defendant O'Reilly asserts that it is an Missouri corporation with its principal place of business in Missouri.[3]

    Cahill alleges that Defendant employers failed to provide rest breaks in violation of California Industrial Welfare Commission Wage Orders (Cal. Code Regs. tit. 8, § 11050).[4]  Cahill further alleges that CSK subsequently retaliated against her, including reducing her working hours,

---

[1] Complaint for Damages ("Compl."), ¶ 1.

[2] Notice of Removal of Action Under 28 U.S.C. §§ 1332 and 1441(Diversity) ("Notice of Removal"), ¶ 1.

[3] *Id.*

[4] Complaint, ¶¶ 11, 20.

in violation of Cal. Labor Code § 98.6.[5] Cahill also alleges that CSK violated Cal. Bus. & Prof. Code § 17200,[6] and that she suffered intentional infliction of emotional distress.[7]

Defendants removed the action to this court on November 18, 2011, asserting that the matter falls within the court's diversity jurisdiction under 28 U.S.C. §§ 1332(a) and 1441.

### A.   Legal Standard Governing Removal Jurisdiction

The right to remove a case to federal court is entirely a creature of statute. See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states. See 28 U.S.C. §§ 1441(a), (b). Thus, only state court actions that could originally have been filed in federal court may be removed. 28 U.S.C. § 1441(a); see *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), and *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart*, 592 F.2d at 1064). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

### B.   Whether This Case Was Properly Removed Under 28 U.S.C. § 1332

CSK contends that this matter falls within the court's diversity jurisdiction under 28 U.S.C. § 1332. "[J]urisdiction founded on [diversity] requires that parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . ."). Federal courts have jurisdiction only where there is complete diversity: the plaintiff's citizenship must be diverse from that of each named defendant. 28 U.S.C. §§ 1332(a)(1), 1332(c)(1); see *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 n. 3 (1996); see also *Cook v. AVI Casino Enters.*,

---

[5]*Id.*, ¶¶ 12-18, 25-27.

[6]*Id.*, ¶¶ 33-37.

[7]*Id.*, ¶¶ 39-41.

*Inc.*, No. 07-15088, 2008 WL 4890167, *3 (9th Cir. Nov. 14, 2008) (Unpub. Disp.) ("We have jurisdiction only if Cook, a resident of California, has citizenship which is diverse from that of every defendant," citing *Lewis*, 519 U.S. at 68).

CSK bears the burden of demonstrating that the amount in controversy requirement is satisfied by a preponderance of the evidence.  *Gaus*, 980  F.2d at 566.  "Normally, this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement.  If it is unclear what amount of damages the plaintiff has sought, . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount . . . by a preponderance of the evidence."  *Id*.

### 1. Whether it Is Apparent from the Face of the Complaint That the Amount in Controversy Exceeds $75,000

To determine whether defendant has met its burden of establishing the jurisdictional amount, the court first considers whether an amount in controversy exceeding $75,000 is "facially apparent" from the complaint.  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); see also *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (quoting *Singer*, 116 F.3d at 377).  Cahill seeks, *inter alia*, "[s]pecial damages," "[r]estitution of all monies obtained by Defendants as a result of…wrongful conduct," "nominal, actual and compensatory damages," "disgorged profits," "interest," "damages and penalties," "punitive damages," "attorneys' fees," "costs of suit," and "such further relied [sic] as the Court may deem just and proper."[8]  The complaint does not state the dollar amount of the damages sought.  The amount in controversy is thus not apparent from the face of the complaint.

### 2. Whether CSK Has Adduced Facts That Show the Amount in Controversy Exceeds $75,000 by a Preponderance of the Evidence

Where a plaintiff has not specified the amount of damages sought in his or her complaint, the removing defendant bears the burden of adducing summary-judgment-like evidence that the amount in controversy exceeds $75,000.  See *Matheson*, 319 F.3d at 1091 ("[W]e have endorsed the Fifth Circuit's practice of considering facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'  Conclusory allegations as to the amount in controversy are insufficient"); *Singer*, 116 F.3d at 377 (holding that the "court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of the removal'"); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ("Under [the preponderance of the evidence] burden, the defendant must provided evidence establishing that it is 'more likely than not' [that jurisdiction is satisfied]"); *Gaus*, 980 F.2d at 567.

---

[8]*Id.*, ¶ 41.

      CSK's notice of removal states: "the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs,"[9] This conclusory statement fails to identify facts that establish an amount in controversy exceeding $75,000. The notice of removal fails, for example, to estimate or quantify plaintiff's lost wages, or provide evidence of jury verdicts in cases with analogous facts. See *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002). Thus, CSK has not carried its burden of showing that the amount in controversy exceeds $75,000.

      For the foregoing reasons, the court orders defendant to show cause on or before **January 27, 2012**, why this action should not be remanded for lack of subject matter jurisdiction. Failure to respond by **January 27, 2012**, will result in the immediate remand of the action to state court. Plaintiff may file a response on or before **February 6, 2012.**

---

[9]Notice of Removal, ¶ 3.