# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JS - 6

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED CV 11-01848 MMM (OP) | Date | July 12, 2012 |

| | |
|---|---|
| Title | *Sonia Cahill v. CSK Auto, Inc., et al* |

Present: The Honorable **MARGARET M. MORROW**

| ANEL HUERTA | None |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    **Order Remanding Action for Lack of Subject Matter Jurisdiction**

      On September 14, 2011, plaintiff Sonia Cahill ("Cahill") filed this action in Riverside Superior Court against defendants CSK Auto, Inc. ("CSK"), O'Reilly Automotive Stores, Inc. ("O'Reilly"), and certain fictitious defendants, alleging employment discrimination claims.[1]  On November 18, 2011, defendants removed the action to federal court, invoking the court's diversity jurisdiction.[2]  The court issued an order to show cause ("OSC") why the case should not be remanded for failure to establish that the amount in controversy requirement was satisfied.  It gave defendants until January 27, 2012 to respond and allowed plaintiff to file a reply by February 6, 2012.[3]  On January 26, 2012, defendants submitted their response to the OSC, requesting that the case be remanded to Riverside Superior Court based on plaintiff's representation that damages and attorneys' fees would be less than $75,000.[4]  Plaintiff did not file a reply to the court's OSC or defendants' response.

---

      [1]Notice of Removal ("Removal"), Docket No. 1 (November 18, 2011), Exh. 1 ("Complaint").

      [2]Removal.

      [3]Order to Show Cause ("OSC"), Docket No. 9 (January 11, 2012).

      [4]Reply Response to OSC ("Reply") at 2, Docket No. 10 (January 26, 2012).

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Cahill has been employed by defendants since April 1, 2010 as a delivery driver and sales associate.[5]  She alleges a number of Labor Code violations, as well as an intentional infliction of emotional distress claim based on defendants' treatment of her during her employment.[6]

In the notice of removal, defendants invoked the court's diversity jurisdiction.[7]  The OSC observed that defendants had adduced minimal evidence supporting removal, and that their assertions regarding the amount in controversy were conclusory and facially insufficient.  In their response to the OSC, defendants stated that on January 12, 2012, they asked Cahill either to provide damage calculations so that they could assess the amount in controversy, or to stipulate that the amount in controversy was less than $75,000.[8]  On January 18, 2012, Cahill's counsel responded via email and stated: "Plaintiff is willing to stipulate the[ ] aggregate amount in controversy, upon further review of damages, is less than $75,000, not including any potential costs or attorney fees per statute [sic]."[9]

In response, defendants asked if Cahill would stipulate that the total amount in controversy, including potential attorneys' fees, was less than $75,000.[10]  On January 20, 2012, Cahill's counsel stated his "belief . . . that in Federal Court the fees and damages would be under $75,000."[11]  Defendants' attorney prepared a stipulation for Cahill's counsel to sign, but he later refused to stipulate to the amount in controversy in this case.[12]

## II.  DISCUSSION

### A.  Legal Standards Governing Removal Jurisdiction

The right to remove a case to federal court is entirely a creature of statute.  See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).  The removal statute, 28 U.S.C.

---

[5]Complaint, ¶ 10.

[6]See *id*.

[7]Removal at 2.

[8]Reply at 2.

[9]Declaration of Jason C. Ross ("Ross Decl."), ¶ 5; *id*., Exh. 2 at 3.

[10]Ross Decl., ¶ 6.

[11]*Id*.; Ross Decl., Exh. 2 at 1.

[12]Ross Decl., ¶ 7.; *Id*. Exh. 3 at 1.

2

§ 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states. See 28 U.S.C. §§ 1441(a), (b). Only state court actions that could originally have been filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending"); see *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), and *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart*, 592 F.2d at 1064). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

### B.     Whether the Requirements for Diversity Jurisdiction Are Met

Diversity jurisdiction exists where the matter in controversy exceeds $75,000 and is between "(1) citizens of different states; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332(a). Jurisdiction, including the amount in controversy, is determined at the moment of removal. See *In the Matter of Shell Oil Company*, 970 F.2d 355, 356 (7th Cir. 1992). In measuring the amount in controversy, a court must "assum[e] that the allegations of the complaint are true and assum[e that] a jury [will] return[ ] a verdict for the plaintiff on all claims made in the complaint." *Jackson v. American Bankers Ins. Co. of Florida*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997); see also *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994).

The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth an amount different than the amount pled in the complaint. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354 (1961); *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007) (stating that under 28 U.S.C. §§ 1332, 1441, and 1453, a party seeking removal has to prove with "legal certainty" that the amount in controversy is satisfied, notwithstanding the prayer for relief in complaint).

In defendants' response to the court's OSC, they assert that because plaintiff has essentially

admitted that the amount in controversy is below the jurisdictional amount, remand is warranted.[13] They note that plaintiff's counsel agreed to stipulate that the amount in controversy, inclusive of damages and fees, is less than $75,000.[14] Courts have used stipulations to determine whether the amount in controversy requirement has been satisfied.  See *Flores v. Atl. Eng'g Group, Inc.*, CV-09-362-RHW, 2010 WL 519122, *1 (E.D. Wash. Feb. 4, 2010) (finding that the amount in controversy requirement had not been satisfied because defendant failed to proffer sufficient evidence showing that it had been met, and plaintiff stipulated that damages, including attorneys' fees, would be capped at $75,000).  See also *Duncan v. Andrus*, 517 F.Supp. 1, 2 (N.D. Cal. 1977) (accepting the parties' stipulation concerning the amount in controversy as a reasonable estimate).

Defendants indicate that plaintiff's counsel now refuses to stipulate that the amount in controversy is below the jurisdictional threshold.[15]  "A court may consider post-removal admissions contained in correspondence between counsel in determining the amount in controversy," however. *Davis v. Chase Bank U.S.A., N.A.*, 453 F.Supp.2d 1205, 1209 (C.D. Cal. 2006).  Relying solely on stipulations or admissions is not encouraged, however.  "The Supreme Court has long discouraged reliance on post-removal stipulations and affidavits . . . [s]uch statements are likely to manipulate the amount in controversy to secure jurisdiction in the desired court."  *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1033 (N.D. Cal. 2002).

While the court cannot rely solely on the purported representations of plaintiff's counsel, it need not rely on them at all in order to remand the action.  Defendants' response to the court's OSC discusses only the parties' discussions concerning the amount in controversy.  It proffers no evidence or argument as to why the amount in controversy requirement is satisfied in this case.  The OSC explained that it was defendants' burden to make this showing, and discussed in detail why the cursory statements in the notice of removal were insufficient to demonstrate that federal subject matter jurisdiction existed.  Putting aside the statements and representations of plaintiff's counsel, defendants still have adduced no evidence that the jurisdictional threshold is met.  Consequently, defendants' failure to meet their burden warrants remand.

### III.  CONCLUSION

For the reasons stated, the court directs the clerk to remand this action to Riverside Superior Court forthwith.

---

[13]Reply at 4.

[14]*Id*. at 2; Ross Decl. at 6.

[15]Reply at 2; Ross Decl., ¶ 7; *Id.*, Exh. 3 at 1.